In 1948, the Supreme Court said that no principle of procedural due process is more clearly established than that notice of the specific charge and a chance to be heard in a trial of the issues raised by that charge are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. That's precisely what happened in this case. State charge that Mr. Richardson committed robbery in one particular way and then proceeded to convict him of committing it in a different fashion. That violated Mr. Richardson's right to due process and ultimately as a result of ineffective assistance of counsel on part of his trial counsel and this court should vacate his conviction. This implicates what counts three and four? Counts three, your honor, yes. Well, counts four is related to it too, I think. It's mostly count three, your honor. Count three was the robbery charge. The question is notice. Yes, your honor, that's correct. And the grand jury clause doesn't apply. Correct, your honor. Yeah, it's a due process claim through the 14th amendment. It's kind of a nesting doll situation. It is at the core of 14th amendment or 14th amendment due process. It's the 14th amendment rather than the 15th. Yes, and then it's ineffective assistance of counsel. That's how it was raised in the state court habeas proceedings. That's how it. Sixth amendment claim through the 14th. Yes, or 14th amendment claim through the six, one way or the other. Yeah, so West Virginia, in West Virginia there are two forms of aggravated robbery. There's one that involves actual violence. There's the other that involves the threatened use of a dangerous weapon or firearm. Mr. Richardson was charged in his indictment with the second variety of aggravated robbery. But when the case proceeded to trial, the state switched its theory and prosecuted him on a theory of actual violence. That started in the opening statement and went through the evidence developed through the victim in the case, Miss Cool. Um, and eventually transferred into the judge's instructions to the jury, which allowed the jury to convict on either theory. Um, Mr Richardson's trial counsel failed to object to any of this. Um, during the state habeas hearing, he admitted that he missed it. He admitted that he should have have challenged it lots of times. Lawyers don't object for strategic reasons. Uh, in some certain cases, that's true, Your Honor. Absolutely. There's no indication that that was done here because trial counsel admitted that he simply missed the issue. He did not testify that there was a strategic, uh, consideration in not raising it. Judge Copenhaver, um, here is a district court correctly identified the standard of review, not that in a 22 54 case from the state judiciary, in this case, the West Virginia Court. Um, there was a double standard of deference, both to the, um, trial counsel and also to the, um, West Virginia courts, which would have had to engaged in unreasonable application of fairly established law is determined by the Supreme Court for us to grant relief. That's correct. You're right. And what I'm just saying that Judge Copenhaver correctly identified what the standard was in reviewing the West Virginia decisions. Did he not? He did, Your Honor. Yeah, I think where, uh, how do we get around that? Well, I think where Judge Copenhaver made a mistake was in relying, giving too much deference to the state court determination of the facts, which our position is that it's an unreasonable conclusion based on the facts because the state court habeas decision on which Judge Copenhaver relied said that, um, Mr. Richardson and his counsel knew that the state was going to proceed on this theory, but the state court order making that finding doesn't cite any part of the record to support that. If you look at trial counsel's testimony during the hearing in front of the state habeas hearing, he says twice, I believe, that he should have challenged the validity of the indictment, that he missed it. And Mr. Richardson testified specifically that they were surprised when the state's theory changed on the day of trial. And that's what makes this case distinct from the Barbie, I think it's Barbie, decisions that the state relied on and that Judge Copenhaver looked to in his decision because in that case the state actually got a amendment to the indictment prior to trial. So when trial started, everybody knew what the playing field was. That is not what happened here. Mr. Richardson went to trial on a particular theory. I couldn't be surprised. The indictment indicted him for first degree robbery. That was what he was tried on. That was what he was convicted on. And it didn't, the case didn't really turn on whether there was a force or a threat. But it turned on whether the defendant ever took the money. That was his defense and that was a defense to the armed robbery. But the cases are fairly uniform. A variance in the means by which a crime is committed is not an impermissible variance. So whether this was done by violence or whether it was done by threat, all those are questions of the means by which the crime was carried out. But as long as the crime itself was indicted and charged, and as long as the conviction was returned on what was charged, there's been no impermissible variance, notwithstanding some sort of argumentation about what means were used to carry out the offense. I mean, isn't the law so well established on that point that it would be hard to say that the state courts impermissibly made an application of clearly established federal law? They seem to follow federal law. How can following federal law be an impermissible application of it? Well, the state court certainly cited federal law, but I would take issue with the idea that it's clearly, it's necessarily clearly established that you can have a charge that says you committed a crime in Manor A and they prove Manor B, and that is not an issue. And I would point the court to, there are a couple cases we talked about in our brief, O'Day, which is out of the Sixth Circuit, and Coakley out of the Eighth Circuit. And Coakley particularly I think is very similar to this case. That was a situation where the defendant was charged with rape. He was charged with rape based on acts that involved sexual intercourse. The victim testified at trial. She said acts included sexual intercourse and oral sex. But the indictment cited the proper offense and the jury convicted him of that very offense. That's the nub of it. But the offense that the indictment charged is not what the jury convicted him of. If all that's necessary is that there be a statutory citation and the rest of that indictment's basically surplusage. And I don't think that's true because it has to provide some notice as to what the jury is. Or at least the state chose. Well Judge Copenhaver says he received actual notice and that the actual notice was sufficient. That was his ruling. Yes, Your Honor. And that's the ruling that's based on the state court decision that doesn't have any citation to the hearing that the state court conducted. The state court says, Mr. Richardson and his counsel had actual notice, but don't point to where that conclusion comes from. And our position is, is if you look at the transcript, Mr. Richardson and his counsel both say the opposite. And so that's an unreasonable determination of the facts as related to the habeas hearing. So going back to the cases that I mentioned from our brief, they both stand for the proposition that you can have a situation where the theory changes after the case starts and that can be a due process violation. And Coakley, particularly, and it's on, the discussion is on pages 19-20 of our brief, lays out really why it is not enough that the parties kind of knew what all the facts were, therefore none of this was a surprise. The question wasn't what the facts were that could support a charge, it's what the state said the charge was based on. And so once the state says we're going to charge you with offense A, they cannot then switch to offense B. As much as I still have time left and I feel like I should be saying something, unless there are any other questions, I'll save my time for rebuttal. Thank you. We have some rebuttal time as well. May it please the court. Petitioner in this case was charged with first degree robbery and convicted of first degree robbery. But because the means in the indictment differed from the evidence in the instructions at trial. And you're referring to which counts of the indictment? In count three he was charged with first degree robbery and in count four he was charged with assault in commission of a felony to wit first degree robbery. So the two are related. But because the means in the indictment differed from the evidence and instructions at trial, petitioner wants relief on an ineffective assistance of counsel claim. Petitioner faces a formidable barrier. When EDPA meets Strickland, this court pays double deference to the state's decision. And the only question before this court today is did the West Virginia Supreme Court of Appeals unreasonably apply Strickland? The answer is no. The state court was right on both prongs of Strickland. There was no broadening of charges. Petitioner had full notice. He suffered no prejudice. Which state court are we referring to? The state trial court or the state supreme court or what? Judge Wilkinson, this court looks to the last state court that addressed the merits of the issue. So in this case it would be the West Virginia Supreme Court of Appeals. There was no state habeas proceeding. There was a state habeas proceeding and the child court decided the habeas issue and then it went up to the West Virginia Supreme Court of Appeals. Okay, so the state habeas proceeding went up to the West Virginia Supreme Court. That's correct, Your Honor. It was a unanimous decision. So there was no broadening of charges. Petitioner had full notice. He suffered no prejudice. And even if this court could rewind the clock, the defense and the outcome would have been the same. So the state asked that this court affirm. I'll begin with the deficiency prong of Strickland. Trial counsel never had a meritorious argument to begin with, so his performance could not have been deficient. And it was reasonable for the state court to conclude that trial counsel was not deficient. When it comes to the 14th Amendment, and I think Judge King put his finger on the right issue here, the lodestar really is... How do you explain the fact that the counsel seemed to say he was insufficient, ineffective? I think Your Honor is referring to when... Is he trying to help his client? I don't believe so, Your Honor. I think you're referring to when counsel said that he missed the issue. Is that correct? Well, he did say he missed the issue. I'm not here to answer questions. I understand, Your Honor. I understand. Counsel did say that he missed the issue, but frankly, there was nothing to miss. And that's because the indictment comported with the 14th Amendment and its due process requirements. The indictment was sufficient for three reasons, really. One, there was no... Well, the magistrate judge disagreed with the Supreme Court of Appeals, and he recommended that the fellow get relief. That's correct, Your Honor, but the magistrate... And then they made a report to Judge Kopernik. That's right, Your Honor. Judge Abelhausen actually... Who refused to kind of go along with him, but gave him right of appeal. That's correct, Your Honor. The magistrate judge, though, incorrectly applied a line of cases regarding the Fifth Amendment, the So the magistrate judge missed it. Yes, Your Honor. He thought the Fifth Amendment applied. That's right, Your Honor. And the grand jury clause of the Fifth Amendment doesn't apply. It's never been... That's correct, Your Honor. The 14th Amendment is the applicable standard here, and it's much more flexible than the usually come up because they have to make the trial so egregiously unfair, and that is language straight out of Ashford v. Edwards, a decision by this court. And as I said, the indictment doesn't run afoul of these notice and fairness issues for three reasons, no broadening of charges, the petitioner had actual notice, and third, the petitioner wasn't prejudiced or hampered in his defense. So... But counsel said that he should have made an objection to the variance, right? That it was a federal variance. That's correct. That's what he said. I should have made an objection. It was my error. But critically, Your Honor, Strickland cases aren't viewed in hindsight. Many attorneys at the trial court would look back and say, yes, maybe I should have done something different. But Strickland is not judged that way. Strickland is judged on an objective standard, and this court is not supposed to look back in hindsight and say, oh, what should he have done? The question is whether there was deficient performance and prejudice. But here, actually, and Judge Wilkinson was touching on this earlier, the standard is doubly deferential. So the court shouldn't even really be taking the Strickland analysis head on. The question is, did the West Virginia Supreme Court of Appeals unreasonably apply Strickland? And here... But he thought the prosecution would be based on the trial of the threat, right? And that would require a deadly weapon. That part. Respectfully, Your Honor, two things on that. One is that actual knowledge is not the standard. It's actual notice. And when we're thinking about actual notice, you look at the objective facts. So it's what did the indictment say? What were the facts on the ground? The indictment told him what was going to be the basis and the theory of the prosecution. And I know your point is that he just said section A, and A does both. But you laid out in the indictment what your theory was going to be. Correct? I understand, Your Honor, yes. And that's what his understanding was. Right? And you're saying his understanding was too narrow because it covered all three ways, right? Isn't that your theory? Isn't that your theory? That he should have known it because that section covered all three ways to commit the crime of first degree robbery. Isn't that right? Isn't that what you're saying? I'm saying that the petitioner had actual notice in a strict sense, yes, from the indictment itself. Count three charged section 12A, which refers to both of the two alternative means. But he thought you were going to proceed on just one. It's not a trick question. That's what he said. And he thought so. But instead, you said, oh, no, but all three are contained. And therefore, that's what the court told him, the jury. You can do it on either one. Even the one that required a gun. And there was no evidence of a gun, was there? There was no evidence of a gun. But he told him you could do it on that one, too. I don't think that the trial counsel in the habeas proceeding ever testified that he thought that they were going to put on evidence of a gun. No, no, not evidence of a gun. The point, though, is you would have to, what he thought, that you were going to proceed on that because that's what it said. It's a threat. Trial counsel actually acknowledged that the assault, that he knew that the assault, that the violence was an issue because of the assault charge. The assault charge says that the assault was committed in the course of the felony. Well, in this kind of case, the question is simply, was there an impermissible variance or was there not? And I thought the case law was pretty clear that when the indictment was for an offense and the conviction was for the precise offense identified in the indictment, that there was no impermissible variance, notwithstanding some disagreement that surfaced in the evidence about what means was employed in carrying out the offense. And you can say, well, the means was a threat or the means was actual violence. But that doesn't really matter because the question is, under the 14th Amendment, is there sufficient notice? And as long as the indictment correctly identifies the offense and the jury convicts on that offense, the fact that there's some testimony about, oh, but it was done this way, oh, but it was done that way, that's not an impermissible variance. It just isn't under innumerable cases. I agree, Your Honor. And that conclusion flows straight from Stroud v. Polk and from Barb, which I know is an unpublished decision. But those two cases and Hartman v. Lee, those three cases in this circuit, lead to that conclusion. But I do want to add one thing. That is not actually the only issue. So let's imagine that this Court disagrees with me that there is an impermissible variance, that this was a fatal variance. Actually, Petitioner still loses. And that's because Strickland has two prongs. There's deficiency and there's prejudice. And here, the West Virginia State Supreme Court concluded that there was no prejudice. And that was a reasonable determination. Petitioner, in his brief, says that he would have been entitled to a complete dismissal had his counsel raised this objection. I suppose there's no prejudice because he was going to defend all along on the question of whether the defendant actually took the money. That's correct, Your Honor. And as a matter of prejudice, that's not going to change the defense one way or another. You could have, you know, 15 forms of notice, but the defense would still have been the same. He wasn't emphasizing whether it was done by threat or violence. That's the very last thing he wants the jury to hear. He doesn't want to go before the jury saying, oh, well, I did this. I took this money from this individual just because of a threat. Or I actually committed the violence, or all I did was take the money because of a threat. That's the last thing he wanted the jury to hear. What he wanted the jury to hear was that I didn't take the money at all. That's exactly right. And what trial counsel, I might add, quite soundly and persuasively, wanted the defense to be. Far from an ineffective assistance of counsel defense, it was very effective to put on the defense, look, I didn't do it at all. You don't string a lawyer up for pursuing the most effective defense at trial, and you don't say there's prejudice when there wasn't any prejudice at all because it had nothing to do with the actual defense proffered. And that's just getting to the Strickland question, and beyond that, there's the Edpa hurdle about whether the West Virginia courts muffed it that badly. Correct, Your Honor. The prejudice inquiry that you're touching on, I think, goes both to the notice and to the Strickland prejudice prong of that test. I will just add one addition on for prejudice, and not only did the trial counsel say this wouldn't have changed anything, this wouldn't have changed my defense. We were going to attack the victim's credibility and say that he never took the money. But also, if we imagine a world in which the trial counsel did raise this objection, we get to the same outcome no matter what the trial court would do. So one option is the trial court says, denied. Your motion, your objection is denied. We're going to go forth. Okay. Trial proceeds as it did. Same outcome. The other option is that the trial court says, okay, I see this. I'm going to grant your objection. The trial court just would have amended the indictment. The case would have proceeded the same way, and we get to the same outcome. And that is really fatal to petitioner's case. The outcome for Strickland, you have to have a reasonable probability that but for trial counsel's deficient performance, the outcome would have been different. And so here we have trial counsel saying the defense wouldn't have changed, and we know that things would have proceeded exactly as they did. Well, it's not quite the case because I did a lot of criminal defense work in my practice in the sense that a lot of it, if counsel was under the misapprehension that it was only one theory was going to be used, right? And then he got there and said, no, we're going to use the one also in terms of violence. And if he had prepared that way and didn't know what really what you do, if you only have one defense, then you'd have to file a bill of particulars, wouldn't you? And that's what you don't have. Maybe they don't do it anymore, but when I was practicing law, if you filed, if you charged like that indictment did, and I know there's only one way that I have a defense for, I'd file a bill of particulars. And then you would be held to that, wouldn't you? Notwithstanding that you had a section that had three ways to do it. Is that right? Am I right? If there was a bill of particulars. That's right. He should have filed a bill of particulars. As a former prosecutor myself, I understand the court's concern, and trial counsel did not file a bill of particulars. He did not file a bill of particulars. And so, therefore, when he came to trial and, as he said, was surprised, it's not that Judge Wilkerson was engaged in terms of the question about whether or not it was a robbery. That's the only defense he was left with. The only thing he could do to attack all three ways was to say there wasn't a robbery. That's the only thing he had because he admitted that he beat her up. That was clear. He never hid that from the jury at all. And trial counsel was having to reckon with the assault charge as well. So the violence was going to be an issue. I'm going to let you mention assault. Why is that not a lesser-included offense? Because the same felony was the robbery. That's a lesser-included offense. You can't convict them of both. First degree and the lesser-included offense, and counsel didn't even raise that. I don't want to speak out of turn, but my understanding is that assault and first-degree robbery have distinct elements, and so it wouldn't be a lesser-included. It's not? Not in West Virginia, I don't believe. Oh, okay. These proceedings were in Canola County? Yes, Your Honor, in front of Judge Bloom. The Circuit Court of Canola County before Judge Bloom? Yes, Your Honor. Including the post-conviction hearing where the lawyer testified? That's correct, Your Honor. Judge Bloom heard it all. He presided at trial, and he presided at the post-conviction proceedings where the lawyer testified. That is correct, Your Honor, yes. That went to the Supreme Court. Yes, Your Honor, yes. And Judge Bloom was also the sentencing judge to the extent that that matters. I do want to just briefly, in the remainder of my time, just touch on why Lucas and Coakley, the two cases that my friend across, my petitioner's counsel brought up, really shouldn't guide the court's analysis and aren't applicable. In Lucas and Coakley, in both of those cases, the defendant was charged and then convicted of separate and distinct crimes. Here, we have two alternative means in one crime, one statute that remain the same throughout. We know that these are alternative means because the statute is written in the disjunctive, so it makes this case very similar to Barb, but also because this court has the benefit of State v. Gibbs, which is a West Virginia Supreme Court of Appeals decision that makes it very clear that these are two means of committing the same offense, robbery. In Lucas and Coakley, they were two distinct crimes. And critically, I actually think that Coakley supports the State's position. And that's because the analysis in Coakley turned on the decision of the Arkansas Supreme Court that had said that the alternative means, I'll call them that in that case, were separate and distinct crimes. Now, and the court in Coakley said, okay, the Arkansas Supreme Court has said that these are separate and distinct crimes. We're going to accept the Arkansas Supreme Court's interpretation, even though later the Arkansas Supreme Court has clarified that these are actually alternative means. And the Coakley court suggested that had the Arkansas Supreme Court clarified that earlier on, its decision would have been different because it would have been alternative means and not separate and distinct crimes. So if Coakley is good for anything, it's for the proposition that this court should defer to State courts on the interpretation of State criminal statutes. So Coakley is a bit more nuanced than Petitioner represents. I see that I have just a minute left. If there are no further questions, the State asks that this court affirm. Thank you. We have some rebuttal time, sir. Just very, excuse me, just very briefly, Your Honors. Counsel used the word actual notice. Well, the actual notice in this case was we're charging you with committing robbery via threat of the use of a deadly weapon such as a firearm. There's never been any evidence of that anywhere. The actual notice he had when he went to trial was of that charge. And so if the question is actual notice and notice under the due process clause, which trumps all of the intricacies of West Virginia law in terms of what we're talking about here. If this indictment had been returned and just said commit first degree robbery, here's the citation, then I think this is a different case. But the State chose to narrow it. And once they do that, they can now then turn around and say, well, we actually were charging all these offenses. I wanted to return to Judge King. He mentioned sort of the interaction between counts three and four. The fact that he was also charged with assault does not necessarily pull the assault into the robbery count unless it's specifically there. So I don't think that gets the State where it needs to go. If there are no further questions, we'd ask that you reverse the district court and vacate Mr. Richardson's conviction. Thank you, Your Honor. We thank you. We'll come down and brief counsel and then we'll take a brief recess.
judges: J. Harvie Wilkinson III, Robert B. King, Roger L. Gregory